MR. JUSTICE HUNT
dissenting:
I dissent.
The record shows that the claimant is receiving temporary total benefits for his injury. The Workers’ Compensation Court has ordered these reduced to 200 weeks of permanent partial disability benefits. The majority of this court mistakenly agrees with that conclusion.
The record shows that claimant has spent his adult life as a logger. Dr. Albertson, the treating physician concluded “that it was unsafe for claimant to work as a sawyer.” That is also the conclusion of Dr. Russo and Dr. Sousa. That is the testimony of the claimant. Claimant has spent his entire working life as a logger. He is now totally disabled from doing that work. He is without any new knowledge or skills to take the jobs that various work experts say are available to him. He is required to prove “by a preponderance of the credible evidence” that he cannot find a job in his area that is, according to the testimony of the state job expert, depressed. He has reported to the job service for work but has not found a job. He sought retraining and has been accepted at the University of Montana in accounting. But because he has not proven “by a preponderance of the credible evidence” he cannot find a five dollar an hour job to replace his $15.35 an hour job, he only qualifies for 200 weeks of “permanent partial disability.” I cannot agree.
I would reverse the judgment of the Workers’ Compensation Court and send this back for a determination that the claimant is totally disabled and remains so until he is able to perform work he has been trained to do.
MR. JUSTICE SHEEHY concurs in the dissent of MR. JUSTICE HUNT.